## BOWEN ET AL. *vs.* MONTGOMERY ET AL., EX'RS.

[FINAL SETTLEMENT OF EXECUTORS' ACCOUNTS.]

1. *Executor; when should not be charged with promissory note not collected by him.*—An executor should not be charged with the amount of promissory notes payable to his testator, because they remain in his hands uncollected, when it is shown that the maker claimed a larger amount against the estate on a contract with the testator for work to be done, which was done, and that an attorney, whom the will requested should be consulted on such matters, advised against suing on the notes.

2. *Executor; what currency was not bound to apply to his own compensation during late war.*—An executor during the late war was not obliged to appropriate Confederate currency, received from the sale of crops and other products, in satisfaction of his services to the estate. If he improperly disposed of the property, he ought to have been charged with waste.

3. *Distributee, entitled to support out of estate while kept together; when probate court has not jurisdiction to ascertain and decree value of.*—A distributee was entitled to support out of the estate, free of charge, during the time it was kept together, but did not receive it,—*Held*, that the probate court had no jurisdiction to ascertain its money value, and decree the amount to her in the distribution.

4. *Objection to voucher; what properly overruled.*—This court can not say there was error in overruling an objection to an entire voucher, part only of which was proved.

APPEAL from the Probate Court of Autauga.
Tried before Hon. W. G. M. GOLSON.

The opinion states the material facts of the case.

WATTS & TROY, for appellants.
W. H. NORTHINGTON, *contra.*

B. F. SAFFOLD, J.—The appellees, as executors of
the will of William Montgomery, deceased, were making a
final settlement of their administration, when the appel-
lants moved the court to charge them with the amount of
two promissory notes due from Joseph S. Reese to the
testator. The existence of the notes, and the possession
of them by the executors, were relied on to sustain the
motion. In opposition, it was shown that Reese claimed a
larger demand against the testator by account for cutting
of a ditch, and for ferriage. The ditch was cut, and the
executors, being in doubt as to what was their duty, con-
sulted with W. H. Northington, an attorney-at-law, and a
friend of the testator, who requested them in his will to
confer with him touching all legal questions that might
arise in connection with their administration. He advised
that no suit should be brought against Reese. It was not
imperative on the executors to be governed by his advice,
but some degree of their responsility was avoided by act-
ing upon his counsel. Sufficient doubt of the result of a
suit was shown to overcome the *prima facie* evidence of
waste afforded by the notes. There was no error in the
action of the court on this point.

The exception to the allowance of $7,350 for extra ser-
vices rendered by the executors between the first of Octo-
ber, 1859, and the first of January, 1866, was confined to
the years of the late war, and based on the fact that they
had, in January, 1864, and until the close of the war, a
sufficient amount of Confederate currency to pay for these
services, which they had obtained from sales of crops, and
of the products of mills, in 1863. It is not shown that
there was any mismanagement in making these sales, or in

obtaining the Confederate currency. There was certainly no greater obligation on the executors to receive payment for valuable services in this currency than there was on the people generally. The Confederate government did not force its acceptance. The people were at liberty to receive it in satisfaction of their demands, or not, as they chose. There was no error in overruling this exception.

The testator directed that the children should be supported out of his estate, free of charge, during the time it should be kept together. One of them, Mrs. Bowen, who had received only a partial support, on account of her non-residence with the family, offered to prove what was the value of her support, with a view to have the amount allowed to her in the distribution. The court decided that it had no jurisdiction of the question, and refused to hear the evidence. She undoubtedly had a claim against the executors and the estate for some amount. But she could not sue for and recover it in the way she proposed. It was not a part of her distributive share, and it was not embodied in the account of the executors. In one of these forms only could the probate court deal with it. The court did not err in this particular.

The executors asked for a credit of $2,429.42, which they had paid to Mrs. Ann Montgomery, the widow of the testator. To this Mrs. Bowen excepted generally. It seems to have been conceded on the part of the executors, that Mrs. Montgomery was not entitled to the money, except by virtue of a release of their right to it, signed by all of the distributees except Mrs. Bowen. It was signed by the husband of Mrs. Bowen, though it purported to be the act of the distributees only. Certainly, a husband can not dispose of the wife's separate estate in that way.—Rev. Code, § 2273. The conveyance was entirely sufficient in support of the credit except as to Mrs. Bowen's interest, which was one-fourth. It does not appear that she objected alone to the allowance of so much as would have been her share, but to all of it. In Pearson v. Darrington, (32 Ala. 264,) it was held that the appellate court can not say there was error in overruling an objection to an entire

voucher, part of which was proved. It is not the duty of the court to shape or remodel the propositions of parties or their counsel, and when a party asks more than he is entitled to, he can not complain if the court errs somewhat in the nice adjustment of his rights.

The decree is affirmed.